**Wacks & Hartmann, LLC**
Attorneys at Law
55 Madison Avenue, Suite 320A
Morristown, NJ 07960-7397
Telephone:  (973) 644-0770
Attorney of Record: Philip D. Stern
Attorneys for Plaintiff, Mark A. Apostolou,
and all others similarly situated

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

| | |
|---|---|
| MARK A. APOSTOLOU, an individual; on behalf of himself and all others similarly situated,<br><br>Plaintiffs,<br><br>vs.<br><br>PALISADES COLLECTION, LLC, a Delaware Limited Liability Company; and JOHN AND JANE DOES NUMBERS 1 THROUGH 50, BEING FICTITIOUS NAMES OF UNIDENTIFIED PERSONS WHO CONTROL THE POLICIES AND PRACTICES INVOKED BY PALISADES COLLECTION, LLC,<br><br>Defendants. | Case No.: _____<br><br>**CLASS ACTION COMPLAINT** |

Plaintiff, MARK A. APOSTOLOU, on behalf of himself and all those similarly situated, by way of this Class Action Complaint against Defendants, says:

## I.  PARTIES

1. APOSTOLOU is a natural person.

2. At all times relevant to this complaint, APOSTOLOU was a citizen of, and resided in, the Township of Livingston, Essex County, New Jersey.

3. At all times relevant to this complaint, PALISADES COLLECTION, LLC is a for-profit limited liability company existing pursuant to the laws of the State of Delaware. PALISADES maintains its principal business address at 210 Sylvan Avenue, in the Borough of Englewood Cliffs, Bergen County, New Jersey.

4. Defendants, JOHN AND JANE DOES NUMBERS 1 THROUGH 50, are sued under fictitious names as their true names and capacities are yet unknown to Plaintiff. Plaintiff will amend this complaint by inserting the true names and capacities of these DOE defendants once they are ascertained.

5. Plaintiff is informed and believes, and on that basis alleges, that Defendants, JOHN AND JANE DOES NUMBERS 1 THROUGH 50, are natural persons and/or business entities all of whom reside or are located within the United States who personally created, instituted and, with knowledge that such practices were contrary to law, acted consistent with and oversaw policies and procedures used by the employees of PALISADES that are the subject of this complaint. Those Defendants personally control the illegal acts, policies, and practices utilized by PALISADES and, therefore, are personally liable for all of the wrongdoing

alleged in this Complaint.

## II.  JURISDICTION & VENUE

6. Jurisdiction of this Court arises under 15 U.S.C. §1692k(d) and 28 U.S.C. §1331.

7. Declaratory relief is available pursuant to under 28 U.S.C. §§2201, 2202.

8. Venue is appropriate in this federal district pursuant to 28 U.S.C. §1391(b) because a substantial part of the events giving rise to APOSTOLOU's claims occurred within this federal judicial district, and because the Defendant, PALISADES, is subject to personal jurisdiction in the State of New Jersey at the time this action is commenced.

## III.  PRELIMINARY STATEMENT

9. Plaintiff, on his own behalf and on behalf of the class he seeks to represent, brings this action for the illegal practices of the Defendants who used false, deceptive and misleading practices, and other illegal practices, in connection with their attempts to collect alleged debts from the Plaintiff and others.

10. Plaintiff alleges that the Defendants' collection practices violate the Fair Debt Collection Practices Act, 15 U.S.C. §§1692 *et seq.* ("FDCPA"). Such practices include, *inter alia*:

    (a) Leaving telephonic voice messages for consumers and others, which

        fail to provide meaningful disclosure of PALISADES's identity;

(b)    Leaving telephonic voice messages for consumers, which fail to disclose that the call is from a debt collector; and

(c)    Leaving telephonic voice messages for consumers, which fail to disclose the purpose or nature of the communication (i.e. an attempt to collect a debt).

11.    The FDCPA regulates the behavior of collection agencies attempting to collect a debt on behalf of another. The United States Congress found abundant evidence of the use of abusive, deceptive, and unfair debt collection practices by many debt collectors, and has determined that abusive debt collection practices contribute to a number of personal bankruptcies, marital instability, loss of jobs, and invasions of individual privacy. Congress enacted the FDCPA to eliminate abusive debt collection practices by debt collectors, to ensure that those debt collectors who refrain from using abusive debt collection practices are not competitively disadvantaged, and to promote uniform State action to protect consumers against debt collection abuses. 15 U.S.C. §1692(a) - (e).

12.    The FDCPA is a strict liability statute which provides for actual or statutory damages upon the showing of one violation. The Third Circuit has held that whether a debt collector's conduct violates the FDCPA should be judged from the standpoint of the "least sophisticated consumer." *Graziano v. Harrison,* 950

F.2d 107, 111, fn5 (3d Cir. 1991).

13. To prohibit harassment and abuse by debt collectors the FDCPA, at 15 U.S.C. §1692d, provides that a debt collector may not engage in any conduct the natural consequence of which is to harass, oppress, or abuse any person in connection with the collection of a debt and enumerates a non-exhaustive list of such conduct which is deemed to violate that section. 15 U.S.C. §1692d(1)-(6). In that list is the placement of telephone calls without meaningful disclosure of the caller's identity. 15 U.S.C. §1692d(6).

14. To prohibit deceptive practices, the FDCPA, at 15 U.S.C. §1692e, provides that a debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt and enumerates a acts and omissions which are deemed to violate that section. 15 U.S.C. §1692e(1)-(16). In that list is the failure by debt collectors to disclose, in initial oral communications, that the debt collector is attempting to collect a debt and that any information obtained will be used for that purpose and, in subsequent communications, that the communication is from a debt collector. 15 U.S.C. §1692e(11).

15. The Plaintiff, on behalf of himself and all others similarly situated, seeks certification of this action as a class action, statutory damages pursuant to the FDCPA, attorney fees, costs, declaratory judgment and all other relief, equitable or

16. "Congress explicitly provided for class damages in the FDCPA. Congress also intended the FDCPA to be self-enforcing by private attorney generals. Representative actions, therefore, appear to be fundamental to the statutory structure of the FDCPA. Lacking this procedural mechanism, meritorious FDCPA claims might go unredressed because the awards in an individual case might be too small to prosecute an individual action." *Weiss v. Regal Collections*, 385 F.3d 337, 345 (3rd Cir. 2004) (citations omitted).

## IV. FACTS CONCERNING PLAINTIFF

17. By letter dated July 31, 2008, PALISADES informed APOSTOLOU that PALISADES had purchased a certain account ("First USA Obligation") identifying "First USA" as the original creditor and "Chase" as the "Previous Creditor" and asserted that there was a balance due on the account.

18. PALISADES has alleged that the First USA Obligation is in default.

19. APOSTOLOU never had any account with First USA or with Chase which was for any purpose other than for personal, family, or household purposes.

20. The First USA Obligation is a "debt" as defined by 15 U.S.C. §1692a(5).

21. By letter dated September 26, 2008, PALISADES informed APOSTOLOU that PALISADES had purchased a certain account ("Heritage

Obligation") identifying "Heritage Chase" as the original creditor and "Chase" as the "Previous Creditor" and asserted that there was a balance due on the account.

22. PALISADES has alleged that the Heritage Obligation is in default.

23. APOSTOLOU never had any account with Heritage Chase or with Chase which was for any purpose other than for personal, family, or household purposes.

24. The Heritage Obligation is a "debt" as defined by 15 U.S.C. §1692a(5).

25. As previously alleged, APOSTOLOU is a natural person who is alleged to be obligated to pay a debt and, therefore, is a "consumer" as that term is defined by 15 U.S.C. §1692a(3).

26. PALISADES collects and attempts to collect debts.

27. PALISADES is a nationwide debt collection company that manages receivables on defaulted consumers debts purchased for its own account, and/or on the account of its parent company, Asta Funding, Inc.

28. PALISADES collects and attempts to collect debts incurred, or alleged to have been incurred, for personal, family, or household purposes on behalf of creditors using the U.S. Mail, telephone, and Internet.

29. PALISADES is a "debt collector" as defined by 15 U.S.C. §1692a(6).

30. On October 21, 2008, a putative national class action lawsuit was filed against PALISADES in the District of New Jersey, which was styled as *Robert Kahn, et al. v. Palisades Collection, LLC, et al.*, LLC, U.S. Dist. Court, D. N.J., Case No. 2:08-cv-05195-KSH-PS ("Kahn Lawsuit").

31. The filed Amended Complaint (Dkt. 17 at ¶81) in the Kahn Lawsuit alleged the following putative class:

> The Plaintiff Class consists of all persons with addresses in the United States of America who received a telephonic voice message from PALISADES left after one-year immediately preceding the commencement of this civil action up through and including the date of preliminary class certification, which message failed to meaningfully identify PALISADES as the caller, disclose that the communication was from a debt collector, or state the purpose or nature of the communication.

32. APOSTOLOU and the class he seeks to represent are members of the putative class alleged in the Kahn Lawsuit.

33. On September 8, 2009, the plaintiffs in the Kahn Lawsuit filed, pursuant to Fed.R.Civ.P. 68, a Notice of Acceptance and an Offer of Judgment which, among other things, entered judgment on the plaintiffs' individual claims and dismissed the claims of class members without prejudice.

34. Pursuant to *Crown Cork & Seal Co., Inc. v. Parker*, 462 U.S. 345 (1983), commencement of the Kahn Lawsuit tolled the statute of limitations on all individuals who were members of the class alleged in the Amended Complaint filed in the Kahn Lawsuit.

35. Neither APOSTOLOU's claims nor the claims of the class he seeks to represent were resolved or settled in any manner by the Kahn Lawsuit.

36. Beginning on September 10, 2008, and continuing through December 9, 2008, PALISADES left approximately two dozen times telephone voice mail messages ("Messages") on APOSTOLOU's cellular telephone voicemail system. Some Messages stated:

> We are open Monday through Friday, 8 a.m. through 8 p.m. Eastern Standard Time. We do need to hear from you as soon as possible. Again, that number is 1-800-414-8319. Thank you.

37. Other Messages stated:

> We are open Monday through Friday, 8 a.m. through 8 p.m., and Saturday 8 a.m. through 12 p.m., Eastern Standard Time. We do need to hear from you as soon as possible. Again, that number is 1-866-230-8075. Thank you.

38. There were other variations of the Messages.

39. Each of the Messages was pre-recorded.

40. Each of the Messages conveyed information regarding a debt to APOSTOLOU.

41. Each of the Messages was left by, or caused to be left by, persons employed by or acting on behalf of PALISADES.

42. Each of the Messages was left in connection with an attempt by PALISADES to collect a debt from APOSTOLOU.

43. Each of the Messages is a "communication" as defined by 15 U.S.C. §1692a(2).

44. Each of the Messages failed to disclose the purpose or nature of the communication (i.e., an attempt to collect a debt).

45. Each of the Messages failed to identify PALISADES by name as the caller.

46. Each of the Messages failed to disclose that the communication was from a debt collector.

47. At the time APOSTOLOU received the Messages, he did not know the identity of caller.

48. At the time APOSTOLOU received the Messages, he did not know that the caller was a debt collector.

49. At the time APOSTOLOU received the Messages, he did not know that the call concerned the collection of a debt.

50. The telephone number 1-800-414-8319 is answered by PALISADES.

51. The telephone number 1-866-230-8075 is answered by PALISADES.

52. At least prior to April 30, 2009, PALISADES did not maintain any Documents which memorialized its policies or practices concerning the content of its pre-recorded Messages.

53. At least prior to the last quarter of the calendar year of 2008, it was PALISADES's policy and practice to leave pre-recorded messages that did not include a statement that the call was from a debt collector.

54. At least prior to April 30, 2009, PALISADES used an "autodialer," as defined in 47 U.S.C. § 227(a)(1), in connection with its attempts to collect debts.

55. At least prior to April 30, 2009, PALISADES has left at least 10,000 pre-recorded telephone messages in connection with its attempts to collect debts for consumers throughout the United States.

56. Each of the Messages is false, deceptive, and misleading in that the natural consequence of these communications is to harass, oppress, or abuse the least sophisticated consumer and other persons in violation of the FDCPA.

57. Each of the Messages is false, deceptive, and misleading insofar as PALISADES failed to give meaningful disclosure of its identity, disclose the purpose of its call, or disclose that PALISADES is a debt collector, thereby circumventing Congress's intent to permit the Plaintiff to make an informed decision as to whether he wished to speak with a debt collector.

## V. POLICIES AND PRACTICES COMPLAINED OF

58. At times relevant, it has been Defendants' policy and practice to leave telephonic voice messages for consumers and other persons, such as the Messages, that violate the FDCPA by uniformly failing to:

(a) Provide meaningful disclosure of PALISADES's identity as the caller;

(b) Disclose the purpose or nature of the communication (namely, an attempt to collect a debt); and

(c) Disclose that the communication was from a debt collector.

59. The Messages, as alleged in this complaint under the Facts Concerning Plaintiff, number in the thousands.

## VI.  CLASS ALLEGATIONS

60. This action is brought as a class action. Plaintiff brings this action on behalf of himself and on behalf of all other persons similarly situated pursuant to Rule 23 of the Federal Rules of Civil Procedure.

61. The Plaintiff Class consists of:

(a) all persons with addresses in the State of New Jersey;

(b) to whom PALISADES placed a telephone call which was in connection with the collection of a debt; and

(c) during which PALISADES left a pre-recorded voice message on the person's telephone answering device which failed to either:

   (i) meaningfully identify PALISADES as the caller;

   (ii) state the purpose or nature of the call; or

   (iii) disclose that the call was from a debt collector.

62. The identities of all class members are ascertainable from the records of PALISADES and those entities on whose behalf it attempt to collects debts.

63. Excluded from the Plaintiff Class are the Defendants and all officers, members, partners, managers, directors, and employees of PALISADES and their respective immediate families, and legal counsel for all parties to this action and all members of their immediate families.

64. Also excluded from the Plaintiff Class are those individual consumers who have execute a release in favor of PALISADES waiving the claims asserted on their behalf in this Complaint and individual consumers who have adjudicated the claims asserted on their behalf in this Complaint.

65. The class period is one year prior to the filing of the Kahn Lawsuit (i.e., beginning on October 21, 2007) and continues up to and including the date of preliminary class certification.

66. There are questions of law and fact common to the Plaintiff Class, which common issues predominate over any issues involving only individual class members. Those principal issues are: whether the Defendants' telephonic voice messages, such as the Messages, violate 15 U.S.C. §§1692d(6) and 1692e(11).

67. The Plaintiff's claims are typical of the class members, as all are based upon the same facts and legal theories.

68. The Plaintiff will fairly and adequately protect the interests of the Plaintiff Class defined in this complaint.

69. The Plaintiff has retained counsel whom he seeks to have appointed by the Court as class counsel.

70. Plaintiff's counsel is experienced in handling consumer lawsuits, complex litigation, and class actions, and has knowledge of the applicable law.

71. Neither the Plaintiff nor his attorneys have any interests which might cause them not to vigorously pursue this action.

72. This action has been brought, and may properly be maintained, as a class action pursuant to the provisions of Rule 23 of the Federal Rules of Civil Procedure because there is a well-defined community interest in the litigation:

   (a) **Numerosity:** The Plaintiff is informed and believes, and on that basis alleges, that the Plaintiff Class defined above is so numerous that joinder of all members would be impractical and number at least in excess of 100.

   (b) **Common Questions Predominate:** Common questions of law and fact exist as to all members of the Plaintiff Class and those questions predominate over any questions or issues involving only individual class members. The principal issues are whether the Defendants' telephonic voice messages, such as the Messages, violate 15 U.S.C.

§§1692d(6) and 1692e(11).

(c) **Typicality:** The Plaintiff's claims are typical of the claims of the class members. Plaintiff and all members of the Plaintiff Class have claims arising out of the Defendants' common uniform course of conduct complained of herein.

(d) **Adequacy:** The Plaintiff will fairly and adequately protect the interests of the class members insofar as Plaintiff has no interests that are adverse to the absent class members. The Plaintiff is committed to vigorously litigating this matter. Plaintiff has also retained counsel experienced in handling consumer lawsuits, complex legal issues, and class actions. Neither the Plaintiff nor his counsel has any interests which might cause them not to vigorously pursue the instant class action lawsuit.

(e) **Superiority:** A class action is superior to the other available means for the fair and efficient adjudication of this controversy because individual joinder of all members would be impracticable. Class action treatment will permit a large number of similarly situated persons to prosecute their common claims in a single forum efficiently and without unnecessary duplication of effort and expense that individual actions would engender. An important public interest will

be served by addressing the matter as a class action, substantial expenses to the litigants and to the judicial system will be realized, and the potential inconsistent or contradictory adjudications will be avoided as contemplated by Rule 23(b)(1) of the Federal Rules of Civil Procedure.

73. Certification of a class under Rule 23(b)(1)(A) of the Federal Rules of Civil Procedure is appropriate because adjudications with respect to individual members create a risk of inconsistent or varying adjudications which could establish incompatible standards of conduct for PALISADES, which, on information and belief, collects debts throughout the United States of America.

74. Certification of a class under Rule 23(b)(2) of the Federal Rules of Civil Procedure is also appropriate in that a determination that the Messages violate 15 U.S.C. §1692d(6) and/or §1692e(11) is tantamount to declaratory relief as to liability and any monetary relief under the FDCPA would be merely incidental to that determination.

75. Certification of a class under Rule 23(b)(3) of the Federal Rules of Civil Procedure is also appropriate in that the questions of law and fact common to members of the Plaintiff Class predominate over any questions affecting an individual member, and a class action is superior to other available methods for the fair and efficient adjudication of the controversy.

## VII.  CAUSE OF ACTION
## VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT
## (AGAINST ALL DEFENDANTS)

76. Plaintiff realleges and incorporates by reference the allegations in the preceding paragraphs of this Complaint.

77. Defendants violated the FDCPA. Defendants' violations with respect to the Messages include, but are not limited to, the following:

(a) Placing telephone calls without providing meaningful disclosure of PALISADES's identity as the caller in violation of 15 U.S.C. §1692d(6);

(b) Leaving telephonic voice messages which fail to disclose the purpose or nature of the communication (namely, an attempt to collect a debt) in violation of 15 U.S.C. §1692d(6); and

(c) Failing to disclose in all oral communications that PALISADES is a "debt collector" in violation of 15 U.S.C. §1692e(11).

## VIII.  PRAYER FOR RELIEF

88. WHEREFORE, Plaintiff respectfully requests that the Court enter judgment in his favor and in favor of the Plaintiff Class as follows:

(a) *Class Certification.* An order certifying that the First Cause of Action may be maintained as a class pursuant to Rule 23 of the Federal Rules of Civil Procedure and appointing Plaintiff and the undersigned

counsel to represent the Plaintiff Class as previously set forth and defined above.

(b) *Statutory Damages.* An award of the maximum "additional damages" for Plaintiff and the Plaintiff Class pursuant to 15 U.S.C. §1692k(a)(2)(A) and (B);

(c) *Declaratory Relief.* Declaratory relief, pursuant to 28 U.S.C. §§2201, 2202, adjudicating that PALISADES's messages violate the FDCPA;

(d) *Counsel Fees and Costs.* Attorney's fees, litigation expenses, and costs pursuant to 15 U.S.C. §1692k(a)(B)(3); and

(e) *Other Relief.* For such other and further relief as may be just and proper.

**WACKS & HARTMANN, LLC**

Dated: September 8, 2009              */s/ Philip D. Stern*
PHILIP D. STERN
Attorneys for Plaintiff, MARK A. APOSTOLOU, and all others similarly situated